13-2767
Ouyang v. Lynch

BIA
A077 957 760

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    PETER W. HALL,
        *Circuit Judges.*

_____

XU TONG OUYANG,

        *Petitioner,*

        v.                                        13-2767
                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*

        *Respondent.*

_____

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

FOR PETITIONER:        Vlad Kuzmin, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Kelly J. Walls, Senior
                       Litigation Counsel; Sara J. Bergene,
                       Trial Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Xu Tong Ouyang, a native and citizen of China, seeks review of a June 21, 2013 decision of the BIA denying his motion to reopen sua sponte. See In re Xu Tong Ouyang, No. A077 957 760 (B.I.A. June 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

It is undisputed that Ouyang's motion to reopen, filed approximately nine years after his removal order, was untimely. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the BIA may reopen a case sua sponte at any time. See 8 C.F.R. § 1003.2(a). We generally lack jurisdiction to review the BIA's denial of a motion to reopen pursuant to its sua sponte authority. See Luna v. Holder, 637

2

F.3d 85, 95-96 (2d Cir. 2011); Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006). A narrow exception applies where the agency has misperceived the law, for example, by erroneously concluding that an application for relief "would necessarily fail." Mahmood v. Holder, 570 F.3d 466, 469-71 (2d Cir. 2009). Here, Ouyang does not argue that the BIA misperceived the law or that Mahmood v. Holder applies; he argues only that the BIA departed from its "established policies" in declining to exercise its sua sponte authority. We therefore lack jurisdiction to review the BIA's decision not to reopen sua sponte under 8 C.F.R. § 1003.2(a), because that decision is "entirely discretionary." Ali v. Gonzales, 448 F.3d at 518. Ouyang has not identified any convincing basis for departure from this rule. The BIA's decisions to exercise its sua sponte authority to reopen other cases are not sufficient to establish jurisdiction here.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in

3

accordance with Federal Rule of Appellate Procedure 34(a)(2),
and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk